

1(650) 320-1832
yarchaikovsky@paulhastings.com

October 13, 2015

Rear Admiral (Ret.) Daniel E. O'Toole
Clerk of the Court, Circuit Executive
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Room 401
Washington, D.C. 20439

Re: In re Unified Messaging Solutions LLC and Advanced Messaging Technologies, Inc. Patent Litigation
Case No. 2014-1611

Dear Rear Admiral O'Toole:

Our firm is counsel of record for Appellees Yahoo! Inc. and Twitter, Inc. in the above-captioned appeal, and, as liaison counsel in the MDL proceedings below, we write on behalf of Appellees/Defendants. On September 26, 2014, this Court stayed proceedings pending resolution of the district court's decision on attorney fees under 35 U.S.C. § 285. ECF No. 229. Pursuant to the Court's order to "advise this court within 14 days of the district court's decision on the Section 285 issue and attorney fees concerning how they believe this appeal should proceed," Appellees/Defendants write to advise the Court of the current status of the district court proceedings.

On September 29, 2015 (amended October 1, 2015), the district court granted-in-part defendants' motion to find the case exceptional under § 285 and awarded attorney fees for a portion of the district court litigation. The district court further ordered that the parties proceed to determination of the amount of attorney fees to be awarded pursuant to the Local Rules of the Northern District of Illinois. On October 6, 2015, Appellants filed an amended Notice of Appeal, adding an appeal of the district court's exceptional case order.

Appellees/Defendants understand that the district court's award of attorney fees is not yet ripe for appeal. In *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001), the Court dismissed the appeal of an attorney fees decision as premature, stating that "we therefore conclude that a decision to award unquantified attorney fees in an exceptional case under 35 U.S.C. § 285 is not final." Subsequent cases have similarly required the amount of attorney fees to be determined prior to appeal. *See, e.g., Falana v. Kent State University*, 669 F.3d 1349, 1359-60 (Fed. Cir. 2012) ("A decision to award attorney fees under 35 U.S.C. § 285 is not final and appealable before the award has been quantified.").





Accordingly, Appellees/Defendants respectfully propose to maintain the stay of proceedings in this Court pending final resolution of the attorney fees amount. Appellants/Plaintiffs are in accord with maintaining the stay pending final resolution of the attorney fees amount, as indicated by signature of Appellants/Plaintiffs below.

Under the Northern District of Illinois Local Rules, determination of an attorney fee award should generally take 3-6 months. The parties will promptly inform the Court when the attorney fees issues are final.

Sincerely,

*/s/ Yar R. Chaikovsky*____________________
Yar R. Chaikovsky
Counsel for Yahoo! Inc. and Twitter Inc.
Liaison Counsel for Appellees/Defendants

AGREED AS TO FORM AND SUBSTANCE

*/s/ Edward R. Nelson III*____________________
Edward R. Nelson III
Counsel for Appellants/Plaintiffs